UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60139-DAMIAN/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHANE WORTHY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** came before the undersigned for a change of plea hearing as to Defendant Shane Worthy. *See* (ECF No. 34) ("Order of Referral"). Having held the change of plea hearing on August 27, 2025, the undersigned makes the following findings and recommends that the guilty plea be accepted.[1] *See* (ECF No. 36).

1. At the change of plea hearing, the undersigned advised Defendant that the undersigned was conducting the change of plea pursuant to an Order of Referral from the District Judge. The undersigned further advised Defendant that the District Judge would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. The Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge. Defendant, his attorney, and the Assistant United States Attorney all consented to

---

[1] This Report and Recommendation summarizes the Court's oral findings at the change of plea hearing. The audio recording of the proceeding is incorporated by reference.

the undersigned conducting the change of plea hearing.

2. The undersigned conducted a detailed plea colloquy in accordance with Federal Rule of Criminal Procedure 11.

3. After being advised of his rights and the possible consequences of his plea of guilty, Defendant pled guilty to the Indictment, which charges him with three counts of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Counts 1-3), and two counts of distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts 4-5). *See* (ECF No. 19). As to Counts 1-3, the undersigned advised Defendant that the Court may impose a term of imprisonment of up to 30 years, followed by a minimum term of supervised release of three years and up to life, and a fine of up to $1,000,000. Additionally, as to Counts 4-5, the Court may impose a term of imprisonment of up to 40 years, followed by a minimum term of supervised release of four years and up to life, and a fine of up to $5,000,000. Further, the Court will assess a mandatory special assessment of $100 per count, which is to be paid at the time of sentencing. Defendant acknowledged that he understood the nature of the charges and the potential penalties in this case.

4. Defendant was also informed of the Sentencing Guidelines and the fact that the District Judge may sentence Defendant to a more severe sentence than recommended by the Government or estimated under the Sentencing Guidelines, up to the maximum statutory sentence, and that Defendant could not withdraw his plea based solely on the sentence imposed by the District Judge.

5. To establish the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. *See* (ECF No. 37) ("Factual Proffer"). The Factual Proffer was introduced as Government's Exhibit 1 and signed by Defendant and his counsel. *Id.*

The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

6.   The parties did not enter into a written plea agreement in this case. The undersigned confirmed the terms of the oral agreement on the record. In exchange for Defendant pleading guilty, the Government agreed to recommend a two-point (or three-point, if appropriate) reduction of Defendant's Sentencing Guideline level based on Defendant's affirmative and timely acceptance of personal responsibility. Defendant acknowledged that there was no written plea agreement and that he understood the oral agreement.

7.   The undersigned questioned Defendant regarding the effectiveness of his counsel's representation. Defendant stated that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case, including the evidence against him, with his attorney. Defendant also stated that counsel has answered all his questions regarding the case.

8.   Based upon the foregoing facts and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, Defendant is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

9.   Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to the Indictment filed in this case, as more particularly described above, and that Defendant be adjudicated guilty of the offenses as charged.

10.     A Pre-Sentence Investigation Report should be prepared for the District Court by the United States Probation Office.  The sentencing hearing will be set by separate order from the District Judge.

The parties have **three days** from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the District Judge.[2]  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2024); Fed. R. Crim. P. 59(b)(2); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Fort Lauderdale, Florida, on August 27, 2025.

*Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Melissa Damian
    All Counsel of Record

---

[2] All parties consented to the abbreviated objections period.